**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QUENTIN L. BROWN, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:04-CR-0207-CC-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NOS. |
| | : | 1:08-CV-0263-CC-JFK |
| | : | 1:15-CV-2161-CC-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

The matter is before the Court (1) on Movant's motion for relief from judgment [169], motions to compel [171, 176], and motion for *nunc pro tunc* action [179], filed in regard to the June 2011 denial of Movant's January 2008 initial 28 U.S.C. § 2255 motion [54, 136], and (2) on Movant's June 2015 petition to vacate sentence, construed as a 28 U.S.C. § 2255 motion to vacate [189].  As discussed below, Movant's post-judgment motions seeking reconsideration of the denial of his initial § 2255 motion fail; Movant's June 2015 construed motion to vacate must be dismissed as successive; and a certificate of appealability (COA) is unwarranted on either matter.

## I. Movant's Post-Judgment Motions Seeking Reconsideration of the Denial of his Initial § 2255 Motion

### A. Background

In January 2005, Movant, represented by Clifford E. Hardwick, pleaded guilty to malicious damage of a building by fire and using fire and an explosive to commit a felony. (Guilty Plea and Plea Agreement at 1, ECF No. 45-1). Movant agreed and stipulated that he should receive a total twenty-year sentence and waived his right to appeal or collaterally attack his sentence, unless his sentence exceeded twenty years, resulted from an upward departure from his sentencing guidelines range, or the government appealed. (Id. at 4-5). In a judgment entered on July 5, 2005, the Court imposed a 240-month (twenty-year) total term of imprisonment (J., ECF No. 52).

Movant did not appeal, and in January 2008, he filed his first § 2255 motion to vacate. (Mot. to Vacate, ECF No. 54). On June 14, 2011, following an evidentiary hearing, the Court rejected Movant's argument that he was entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year limitations period and denied his § 2255 motion as untimely. (Order of June 14, 2011, ECF No. 136; see Hr'g Trs., ECF Nos. 119, 123, 132). The Court found that Movant had not shown the required diligence – "the efforts made by the defendant to contact

his attorney in 2005 were meager; he never wrote his attorney to inquire about the status of his appeal and he made no attempt to contact his attorney whatsoever in 2006, 2007 and 2008." (Order of June 14, 2011, at 2).

Movant appealed, and on January 13, 2012, the Eleventh Circuit Court of Appeals denied a certificate of appealability. (Order of USCA, ECF No. 168). The Eleventh Circuit found as follows.

> Here, [Movant] did not dispute that his § 2255 motion – which was filed on January 24, 2008 – was untimely, as his conviction became final in July 2005, and the limitations period expired a year later. . . . Rather, [Movant] asserted that he was entitled to equitable tolling based on his attorney's failure to file a direct appeal. Although Holland[1] did hold that, in some cases, the AEDPA's one-year statute of limitations might be equitably tolled based on an attorney's negligence, Holland also reaffirmed the requirement that the prisoner must pursue his rights diligently. . . .
>
> [Movant] has not shown that the district court clearly erred in finding that he did not exercise due diligence in filing his § 2255 motion. [Movant's] admissions during the habeas evidentiary hearings show that: (1) he did not personally try to contact counsel anytime after August 2005; (2) he never tried to contact counsel by letter; and (3) he never contacted the court regarding the status of his appeal. Furthermore, [Movant] failed to produce any evidence showing that he had diligently attempted to ascertain the status of his case and timely file his § 2255 motion. Thus, because [Movant] admitted that he did nothing to ascertain the status of his appeal, other than attempt to call his counsel

---

[1] Holland v. Florida, 560 U.S. 631, 648-49 (2010).

during the month following his sentencing, the district court did not clearly err in finding that he was not diligent. . . .

Although [Movant] argues in his motion for a COA that the district court erred by not considering the evidence of his attorney's subsequent suspension from practicing law, such evidence is irrelevant to whether [Movant] pursued his rights diligently. Moreover, [Movant] cannot show that the district court's credibility determinations were clearly erroneous. The district court's determination that [Movant's] testimony regarding his appeal wishes was not credible was supported by the fact that [Movant] agreed to and understood the sentence appeal waiver provision in his plea agreement and by the fact that Hardwick testified that [Movant] never asked him to appeal his sentence. . . . Additionally, the total sentence that [Movant] received was the same as the sentence recommended in his written plea agreement, thus suggesting that he had no reason to ask his counsel to appeal his sentence after it was imposed. Therefore, the record did not lack substantial evidence to support the district court's credibility determination.

Finally, to the extent that [Movant] argued that his *pro se* status and lack of legal knowledge should excuse his delay in learning about his appeal and filing his § 2255 motion, the district court properly rejected these arguments as grounds for equitable tolling.

(Order of USCA at 5-6 (citations omitted)).

### B. Movant's Post-Judgment Motions

In April 2012, Movant filed a Fed. R. Civ. P. 60(b) motion in which he asks the Court that its time-bar decision be reconsidered in light of Maples v. Thomas, _ U.S.

_, 132 S. Ct. 912 (2012).[2] (Mot. for Relief, ECF No. 169). In July and November 2012, Movant filed two mandamus petitions, docketed as motions to compel, in which he asks the Court to order the government to inform the Court that Hardwick lied to the Court during the December 3, 2010, § 2255 evidentiary hearing when Hardwick stated that he did not personally know Movant's family. (Mots. to Compel, ECF Nos. 171, 176; see also Hr'g Tr. at 11, ECF No. 123). In May 2013, Movant filed a motion for *nunc pro tunc* action, in which he asks the Court to apply Zack v. Tucker, 704 F.3d 917 (11th Cir.), cert. denied, _ U.S. _, 134 S. Ct. 156 (2013),[3] and determine on a claim by claim basis whether each claim in his initial petition (including alleged

---

[2] On January 18, 2012, the United States Supreme Court found that complete abandonment by counsel during state post-trial proceedings provided cause for the petitioner's state procedural default, i.e., his failure to properly exhaust his state remedies by filing an appeal from the denial of state collateral relief. Maples, _ U.S. at _, 132 S. Ct. at 927.

[3] In Zack, the court examined whether *all* claims could be considered timely and subject to collateral review in a case where *one* claim had a later triggering date for the one-year limitations period. Zack, 704 F.3d at 919-26; see also 28 U.S.C. § 2244(d)(1) (listing possible triggering dates for § 2254 one-year limitations period); 28 U.S.C. § 2255(f) (listing possible triggering dates for § 2255 one-year limitations period). The Eleventh Circuit stated, "We are 'confident Congress did not want to produce' a result in which a timely claim 'miraculously revive[s]' untimely claims. . . . Accordingly, we hold that the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case." Zack, 704 F.3d at 926 (citation omitted).

claims of a speedy trial violation, a defective indictment, and prosecutorial misconduct) is untimely.  (Mot. for *Nunc Pro Tunc* Action, ECF No. 179).

Movant's motions are construed to seek reconsideration of the denial of his initial § 2255 motion.  Based on the time lapse between the denial of the § 2255 motion and Movant's post-judgment motions, they are construed to seek reconsideration under Rule 60(b).  See Fed. R. Civ. P. 60(c) (allowing reconsideration within a reasonable time).  The grounds for Rule 60(b) relief are:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Denial of Rule 60(b) relief is proper absent a showing by the movant that is "'so compelling' . . . it requires that the district court vacate its order."

6

Saunders v. United States, 380 F. App'x 959, 964 (11th Cir. 2010) (quoting Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006)). Further, denial of Rule 60(b)(6) relief is proper unless the movant shows extraordinary circumstances. Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1210 (11th Cir. 2014), cert. denied, _ U.S. _, 135 S. Ct. 1171 (2015).

Additionally, reconsideration of the denial of collateral relief is limited to "a nonmerits aspect" of the collateral proceedings, such as a decision that the application for collateral relief is untimely. Gonzalez v. Crosby, 545 U.S. 524, 531-32, 534 (2005) (holding that any attempt to re-litigate claims for collateral relief from state conviction or to present new claims must be dismissed as a successive petition for collateral relief); Lugo, 750 F.3d at 1210 ("Where a Rule 60(b) motion challenges only a district court's prior ruling that a habeas petition was time-barred, it 'is not the equivalent of a successive habeas petition.'" (citing Gonzalez, 545 U.S. at 535-36)).

Movant's April 2012 Rule 60(b) motion fails. Maples – holding that complete abandonment by counsel during state post-trial proceedings provided cause for the petitioner's state procedural default – does not help Movant. See Maples, _ U.S. at _, 132 S. Ct. at 927. In Movant's case, counsel's behavior does not change the

7

determination that equitable tolling is unavailable because Movant failed to pursue his rights diligently.

Movant's July and November 2012 motions to compel also provide no grounds for relief. Whether or not Hardwick personally knew Movant's family is irrelevant to the fact that Movant was not diligent and the decision that his initial § 2255 motion was untimely.

Movant's May 2013 motion relying on <u>Zack</u> also fails. Even if the Court found that the motion (filed approximately two years after the court denied Movant's first § 2255 motion) was filed within a reasonable amount of time,[4] the decision in <u>Zack</u> – holding that the AEDPA statute of limitations applies on a claim-by-claim basis in a multiple trigger date case – does not help Movant. <u>See</u> <u>Zack</u>, 704 F.3d at 926. Movant does not show that he filed any claim in his initial § 2255 motion that was subject to a triggering date other than the date that his convictions became final under § 2255(f)(1). Thus, there was no need to examine each claim separately on timeliness.

---

[4] If the final judgment is more than one year old, a party may not seek relief under Rule 60(b)(1)-(3), and any motion under Rule 60(b)(4)-(6) must be filed within a "reasonable time[.]" Fed. R. Civ. P. 60(c)(1). The Court considers whether there was a good reason for the delay in determining whether a Rule 60(b) motion was filed within a reasonable time period. <u>BUC Int'l Corp. v. Int'l Yacht Council Ltd.</u>, 517 F.3d 1271, 1275 (11th Cir. 2008).

It is not debatable that Movant fails to show that he is entitled to relief from the judgment denying his initial § 2255 motion, and a certificate of appealability should be denied on the matter. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11; Perez v. Sec'y, Fla. Dep't of Corr., 711 F.3d 1263, 1264 (11th Cir. 2013) (requiring grant or denial of COA for the denial of a motion to reconsider).

## II.  Movant's June 2015 § 2255 Motion

As discussed above, in June 2011, the Court denied as untimely Movant's original § 2255 motion challenging his conviction under the above criminal docket number. (Order of June 14, 2011). Movant's June 2015 motion is a successive § 2255 motion which must be dismissed because the Court has no authority to consider it. Movant first must get permission from the Eleventh Circuit Court of Appeals before a successive § 2255 motion can be filed in the district court. See 28 U.S.C. § 2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A certificate of appealability on the matter is unwarranted because it is not debatable that Movant must obtain permission from the Eleventh Circuit Court of Appeals before filing another § 2255 motion in this Court. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11.

9

### III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Movant's motion for relief from judgment [169], motions to compel [171, 176], and motion for *nunc pro tunc* action [179], filed in relation to Movant's initial 28 U.S.C. § 2255 motion, be **DENIED** and that a certificate of appealability in regard thereto be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Movant's June 2015 petition to vacate sentence, construed as a 28 U.S.C. § 2255 motion to vacate [189], be **DISMISSED** as successive and that a certificate of appealability in regard thereto be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of the post-judgment motions and the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 25th day of June, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE