**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| QUENTIN L. BROWN, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:04-CR-0207-CC-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NOS. |
| | : | 1:08-CV-0263-CC-JFK |
| | : | 1:15-CV-2161-CC-JFK |

**ORDER ADOPTING MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

The matter is before the Court (1) on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [191], which recommends denying Movant's motion for relief from judgment [169], motions to compel [171, 176], and motion for *nunc pro tunc* action [179] (all filed in regard to the June 2011 denial of Movant's initial 28 U.S.C. § 2255 motion); dismissing as successive Movant's June 2015 petition to vacate sentence, construed as a second § 2255 motion to vacate [189]; and denying a certificate of appealability on all matters; (2) on Movant's objections [193]; and (3) on Movant's motion to amend [170] and motion to appeal *in forma pauperis* [185].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). "[T]he district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

**I.     Discussion**

Represented by Clifford E. Hardwick, Movant pleaded guilty to malicious damage of a building by fire and using fire and an explosive to commit a felony. (Guilty Plea and Plea Agreement at 1, ECF No. 45-1.) In his plea agreement, Movant stipulated that he should receive a total twenty-year sentence and waived his right to appeal or collaterally attack his sentence, unless his sentence exceeded twenty years, resulted from an upward departure from his sentencing guidelines range, or the government appealed. (Id. at 4-5.) On July 5, 2005, the Court imposed a 240-month total term of imprisonment. (J., ECF No. 52.)

Movant did not appeal. In January 2008, Movant filed his first § 2255 motion. (Mot. to Vacate, ECF No. 54.) After holding an evidentiary hearing, the Court rejected Movant's argument for equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year limitations period and denied his § 2255 motion as untimely. (Order, June 14, 2011, ECF No. 136.) The Court found that Movant had not shown reasonable diligence – "the efforts made by the defendant to contact his attorney in 2005 were meager; he never wrote his attorney to inquire about the status of his appeal and he made no attempt to contact his attorney whatsoever in 2006, 2007 and 2008." (Id. at 2.) On January 13, 2012, the Eleventh Circuit Court of Appeals

3

denied a certificate of appealability.  (Order of USCA, Jan. 13, 2012, ECF No. 168.) The Eleventh Circuit found as follows:

> Here, [Movant] did not dispute that his § 2255 motion – which was filed on January 24, 2008 – was untimely, as his conviction became final in July 2005, and the limitations period expired a year later. . . . Rather, [Movant] asserted that he was entitled to equitable tolling based on his attorney's failure to file a direct appeal.  Although Holland[1] did hold that, in some cases, the AEDPA's one-year statute of limitations might be equitably tolled based on an attorney's negligence, Holland also reaffirmed the requirement that the prisoner must pursue his rights diligently. . . .
>
> [Movant] has not shown that the district court clearly erred in finding that he did not exercise due diligence in filing his § 2255 motion. [Movant's] admissions during the habeas evidentiary hearings show that: (1) he did not personally try to contact counsel anytime after August 2005; (2) he never tried to contact counsel by letter; and (3) he never contacted the court regarding the status of his appeal.  Furthermore, [Movant] failed to produce any evidence showing that he had diligently attempted to ascertain the status of his case and timely file his § 2255 motion.  Thus, because [Movant] admitted that he did nothing to ascertain the status of his appeal, other than attempt to call his counsel during the month following his sentencing, the district court did not clearly err in finding that he was not diligent. . . .
>
> Although [Movant] argues in his motion for a COA that the district court erred by not considering the evidence of his attorney's subsequent suspension from practicing law, such evidence is irrelevant to whether [Movant] pursued his rights diligently.  Moreover, [Movant] cannot show that the district court's credibility determinations were clearly erroneous. The district court's determination that [Movant's] testimony regarding his

---

[1] Holland v. Florida, 560 U.S. 631, 648-49 (2010).

appeal wishes was not credible was supported by the fact that [Movant] agreed to and understood the sentence appeal waiver provision in his plea agreement and by the fact that Hardwick testified that [Movant] never asked him to appeal his sentence. . . . Additionally, the total sentence that [Movant] received was the same as the sentence recommended in his written plea agreement, thus suggesting that he had no reason to ask his counsel to appeal his sentence after it was imposed. Therefore, the record did not lack substantial evidence to support the district court's credibility determination.

Finally, to the extent that [Movant] argued that his *pro se* status and lack of legal knowledge should excuse his delay in learning about his appeal and filing his § 2255 motion, the district court properly rejected these arguments as grounds for equitable tolling.

(Order of USCA, Jan. 13, 2012, at 5-6 (citations omitted).)

### A. Movant's Post-Judgment Motions

#### 1. April 2012 Fed. R. Civ. P. 60(b) Motion

In his April 2012 Rule 60(b) motion, Movant asks that the time-bar decision be reconsidered in light of Maples v. Thomas, _ U.S. _, 132 S. Ct. 912 (2012).[2] (Mot. for Relief, ECF No. 169.) The Magistrate Judge found that Movant's April 2012 motion failed as follows – "Maples – holding that complete abandonment by counsel during

---

[2] On January 18, 2012, the United States Supreme Court found that complete abandonment by counsel during state post-trial proceedings provided cause for the petitioner's state procedural default, i.e., his failure to properly exhaust his state remedies by filing an appeal from the denial of state collateral relief. Maples, _ U.S. at _, 132 S. Ct. at 927.

5

state post-trial proceedings provided cause for the petitioner's state procedural default – does not help Movant. See Maples, _ U.S. at _, 132 S. Ct. at 927. In Movant's case, counsel's behavior does not change the determination that equitable tolling is unavailable because Movant failed to pursue his rights diligently." (R&R at 7-8, ECF No. 191.)

Movant objects to the Magistrate Judge's recommendation as being "absurd." (Objs. at 4, ECF No. 193.) Movant argues that whether he was reasonably diligent should be reconsidered in light of the extraordinary circumstances of abandonment by counsel. (Id. at 5-7.)

The Court agrees with the Magistrate Judge. Although complete abandonment qualifies as an extraordinary circumstance for purposes of equitable tolling, Movant still must show reasonable diligence. The Eleventh Circuit Court of Appeals already has determined that Movant did not do so – "[Movant] admitted that he did nothing to ascertain the status of his appeal, other than attempt to call his counsel during the month following his sentencing." (Order of USCA, Jan. 13, 2012, at 5.) Even in the face of abandonment, reasonable diligence requires more. See Melson v. Comm'r, Ala. Dep't Corr., 713 F.3d 1086, 1089-90 (11th Cir. 2013) (finding that the court did not need to determine whether attorney conduct was an extraordinary circumstance

6

(Rev.8/82)

under Maples when the petitioner's "nearly complete inaction" did not show reasonable diligence).

## 2. July and November 2012 Mandamus Petitions

In his July and November 2012 mandamus petitions, docketed as motions to compel, Movant asks the Court to order the government to inform the Court that Hardwick lied to the Court during the December 2010 § 2255 evidentiary hearing when Hardwick stated that he did not personally know Movant's family. (Mots. to Compel, ECF Nos. 171, 176; see also Hr'g Tr. at 11, Dec. 13, 2010, ECF No. 123.)

The Magistrate Judge found that Movant's July and November 2012 motions to compel failed – "Whether or not Hardwick personally knew Movant's family is irrelevant to the fact that Movant was not diligent and the decision that his initial § 2255 motion was untimely." (R&R at 8.) Movant objects that Hardwick's personal relationship with Movant's family explains Movant's belief that Hardwick was handling his appeal and his seeming lack of diligence. (Objs. at 7-10.)

In his motions to compel, Movant did not present an argument regarding diligence, (see Mots. to Compel), and the Court does not consider it now as part of the motions to compel. See Williams, 557 F.3d at 1290-92. The Court notes, however, that evidence regarding Hardwick's relationship with Movant's family otherwise was

7

before the Court when it considered Movant's initial § 2255 motion. (See Hr'g Tr. at 10-11, 41, Nov. 16, 2010, ECF No. 119.)[3] Further, the Court finds that Hardwick's relationship with Movant's family, as described by Movant, does not excuse his lack of diligence. The Court overrules the objection to the Magistrate Judge's recommendation on this matter.

### 3. May 2013 Motion for *Nunc Pro Tunc* Action

In his May 2013 motion for *nunc pro tunc* action, Movant asks the Court to apply Zack v. Tucker, 704 F.3d 917 (11th Cir.), cert. denied, _ U.S. _, 134 S. Ct. 156 (2013),[4] and determine on a claim by claim basis whether each claim in his initial

---

[3] Movant testified, "[Hardwick and I] have family ties within the church; his family knows my family. I initially met him through a friend that he was representing in court and I was a referral to him." (Hr'g Tr. at 10, Nov. 16, 2010.) When asked about the church ties and the name of the church, Movant testified, "Bethel AME Church, if I'm not mistaken. I'm not personally a member of that church but his family and my family also attends." (Id. at 10-11.)

[4] In Zack, the court examined whether *all* claims could be considered timely and subject to collateral review in a case where *one* claim had a later triggering date for the one-year limitations period. Zack, 704 F.3d at 919-26; see also 28 U.S.C. § 2244(d)(1) (listing possible triggering dates for § 2254 one-year limitations period); 28 U.S.C. § 2255(f) (listing possible triggering dates for § 2255 one-year limitations period). The Eleventh Circuit stated, "We are 'confident Congress did not want to produce' a result in which a timely claim 'miraculously revive[s]' untimely claims. . . . Accordingly, we hold that the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case." Zack, 704 F.3d at 926 (citation omitted).

petition (including alleged claims of a speedy trial violation, a defective indictment, and prosecutorial misconduct) is untimely. (Mot. for *Nunc Pro Tunc* Action, ECF No. 179.)

> The Magistrate Judge found that Movant's May 2013 motion failed.
>
> Even if the Court found that the [May 2013] motion (filed approximately two years after the court denied Movant's first § 2255 motion) was filed within a reasonable amount of time,[] the decision in Zack – holding that the AEDPA statute of limitations applies on a claim-by-claim basis in a multiple trigger date case – does not help Movant. See Zack, 704 F.3d at 926. Movant does not show that he filed any claim in his initial § 2255 motion that was subject to a triggering date other than the date that his convictions became final under § 2255(f)(1). Thus, there was no need to examine each claim separately on timeliness.

(R&R at 8 (footnote omitted).)

Movant objects that his challenge to the indictment and the court's jurisdiction should have been considered separately under Zack because it is a claim that can be raised at any time. (Objs. at 3-4.)

Movant is incorrect. The federal one-year limitations period applies to claims challenging an indictment and the trial court's jurisdiction. See Jones-Bey v. Alabama, No. 2:14-cv-00376-AKK-HGD, 2014 WL 1233826, at *2 (N.D. Ala. Mar. 25, 2014) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that

9

the state court lacked jurisdiction.") (listing cases). Movant's objection to the Magistrate Judge's recommendation on this matter is overruled.

### B. Movant's June 2015 § 2255 Motion

In June 2011, the Court denied as untimely Movant's original § 2255 motion challenging his conviction under the above criminal docket number. (Order, June 14, 2011.) In June 2015, Movant filed a "Petition to Vacate Sentence" under the Tenth Amendment, the Due Process Clause, and Fed. R. Crim. P. 12(b)(2), which the Clerk of Court docketed as a second motion to vacate under § 2255. (Second Mot. to Vacate, ECF No. 189.)

The Magistrate Judge found that the June 2015 motion is a successive § 2255 motion and recommends that it be dismissed. (R&R at 9.) Movant objects that, under Castro v. United States, 540 U.S. 375 (2003), recharacterization of his motion as a § 2255 motion without giving him notice was improper. (Objs. at 2-3.)

Castro applies when the court recharacterizes a motion as a *first* § 2255 motion – "the court cannot . . . recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize . . . ."

10

Castro, 540 U.S. at 377 (emphasis in original);[5] see also United States v. Davis, 140 F. App'x 189, 190 n.1 (11th Cir. 2005) ("The instant motion was not Davis's first collateral attack on his conviction and sentence; hence, Castro notice was not required."). Movant's objection on this matter is without merit and is overruled.

### C. Movant's Motion to Amend and to Proceed *In Forma Pauperis* on Appeal

In his motion to amend and supplement pleading, Movant seeks relief in regard to an incident report in his inmate central file. (Mot. to Am., ECF No. 170.) This is not a proper matter to file in Movant's criminal action, and the motion shall be denied. If Movant wishes to challenge a confinement issue, he must pursue his administrative remedies within the prison system and then, if appropriate, seek relief in a separate civil action. Movant also has filed a motion to appeal *in forma pauperis* in regard to an appeal that he filed on June 28, 2013. (Notice of Appeal, ECF No. 182; Mot. to Appeal *In Forma Pauperis*, ECF No. 185.) The Eleventh Circuit Court of Appeals has since dismissed that appeal, and the Movant's *in forma pauperis* motion shall be denied as moot. (See Order of USCA, Aug. 30, 2013, ECF No. 187.)

---

[5] When a movant has been denied a first § 2255 motion and is subject to the restrictions on successive motions, the same recharacterization concerns do not apply to subsequent motions.

## II. Conclusion

Accordingly,

**IT IS ORDERED** that Movant's objections [193] are overruled and that the Magistrate Judge's Report and Recommendation [191] is **ADOPTED** as the Order of the Court.

**IT IS ORDERED** that Movant's motion for relief from judgment [169], motions to compel [171, 176], and motion for *nunc pro tunc* action [179] are **DENIED** and that a COA is **DENIED** in regard thereto.

**IT IS ORDERED** that Movant's June 2015 petition to vacate sentence [189] is **DISMISSED** as a successive § 2255 motion and that a COA is **DENIED** in regard thereto.

**IT IS ORDERED** that Movant's motion to amend [170] is **DENIED** and that Movant's motion to appeal *in forma pauperis* [185] is **DENIED** as moot.

**IT IS SO ORDERED** this 24th day of July, 2015.

> *s/ CLARENCE COOPER*
> CLARENCE COOPER
> UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)